**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JAMES CRITELLI, RYAN
THEODORE, TAYLOR EGGERICHS,
RAY CUNNINGHAM, ERIK VOLEK,
ANDREW KUMNICK, AND ALL OTHER
SIMILARLY SITUATED,

      Plaintiffs,

v.                                                                    Case No. 6:25-CV-1780-AGM-LHP

DANAHER CORPORATION, PALL
CORPORATION, BECKMAN
COULTER, INC., GLOBAL LIFE
SCIENCES SOLUTIONS USA LLC
D/B/A CYTIVA, RADIOMETER
AMERICA, INC.,

      Defendants.

_____

### Uniform Case Management Report[*]

      The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

### 1. Date and Attendees

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

---

      [*] The parties have been negotiating the provisions of this uniform case management report, but due to communication issues with counsel, the parties were unable to submit a joint report by the deadline of today, March 17, 2026. The proposals reflected in this submission may not reflect Plaintiffs' views. Defendants do not object to Plaintiffs filing a supplemental report or to the parties filing a revised joint report.

The parties conducted the planning conference on 3/3/2026. Marc Edelman (counsel for Plaintiffs), and Michael Jacobsen (counsel for Defendants) attended the conference. The parties later communicated via email on several component parts of the report.

## 2. Deadlines and Dates

Defendants propose that discovery proceed following a decision on Defendants' pending motion to dismiss pursuant to 12(b)(6) and that, upon entry of an order resolving Defendants' motion to dismiss, the parties file a revised uniform case management report to request deadlines and dates as necessary. If the Court wishes, Defendants can file a motion regarding this issue. In the event the Court wishes to enter deadlines and dates in the interim, Defendants propose the following deadlines and dates:

| Action or Event | | Date |
| --- | --- | --- |
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | | 4/13/2026 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | | 7/14/2026 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).[†] | Plaintiff | 2/5/2027 |
| | Defendant | 2/5/2027 |
| | Rebuttal | 4/8/2027 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | | 3/9/2027 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | | 11/9/2026 |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | | 6/11/2027 |

---

[†] Defendants propose that, pursuant to Fed. R. Civ. P. 26(a)(2), affirmative and rebuttal disclosures shall be accompanied by all backup data, programs and materials considered by the parties' experts in preparing their reports.

| | |
|---|---|
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>Enter mediator's name, address, and phone number. | 9/13/2027 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 11/3/2027 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 11/10/2027 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 11/17/2027 |
| Month and year of the trial term. | 12/1/2027 |

Plaintiffs' position is forthcoming.

Defendants propose that the trial will last approximately 5 days and be

☒ jury.

☐ non-jury.

Plaintiffs' position is forthcoming.

## 3. Description of the Action

Defendants state that this is a putative class action alleging discrimination based on gender and/or race relative to alleged promotional policies and practices pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; 42 U.S.C. § 1981a; the Massachusetts Fair Employment Practices Act, M.G.L. c. 151B; the Florida Civil Rights Act, Ch. 760.01, *et seq.*; the New York State Human Rights Law, Article 15 §§ 290-301; and the California Fair Employment and Housing Act.

Plaintiffs' position is forthcoming.

## 4. Disclosure Statement

☒ Each party has filed a disclosure statement using the required form.

## 5. Related Action

☐ Defendants <u>acknowledge</u> their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

Plaintiffs' position is forthcoming.

## 6. Consent to a Magistrate Judge

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☐ <u>Defendants do not consent</u>.

Plaintiffs' position is forthcoming.

## 7. Preliminary Pretrial Conference

☐ <u>Defendants do not request</u> a preliminary pretrial conference before the Court enters a scheduling order.

Plaintiffs' position is forthcoming.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

4

## 8. Discovery Practice

The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☐ <u>Defendants confirm</u> they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

Plaintiffs' position is forthcoming.

## 9. Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

    ☐ Yes.
    ☐ No; instead, <u>Defendants propose</u> these changes: exchange initial disclosures by April 13, 2026, subject to the parties revisiting this deadline pending entry of an order resolving Defendants' motion to dismiss.

    Plaintiffs' position is forthcoming.

B. <u>Defendants state</u> that discovery may be needed on these subjects: Plaintiffs' allegations and claims set forth in Plaintiffs' Amended Complaint and Defendants' denials and defenses.

    Plaintiffs' position is forthcoming.

C. Discovery should be conducted in phases:

    ☐ No.
    ☐ Yes; <u>Defendants propose</u> that discovery should be bifurcated into two phases following a decision on Defendants' pending motion to dismiss pursuant to 12(b)(6) (should the case not be dismissed): (i) targeted discovery regarding Rule 23 class certification issues and (ii) once the Court rules on Plaintiffs' anticipated motion for class certification, discovery as to the merits of Plaintiffs' individual claims and (to the extent the Court grants class certification) the claims of any

class members.
Plaintiffs' position is forthcoming.

D.  Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐  No.
☐  Yes; <u>Defendants propose</u> that the parties negotiate a protocol to govern electronically-stored information (ESI).

Plaintiffs' position is forthcoming.

☐      The parties state the following views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A), Federal Rules of Civil Procedure, and—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include any agreement in an order under Rule 502(d), Federal Rules of Evidence: <u>Defendants propose the following definitions. "Discovery Material" shall mean all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, ESI, and tangible or intangible things), that are produced or generated in disclosures or responses to discovery in this matter. "Privileged Material" shall mean communications, documents, or information protected by the attorney-client privilege, work product doctrine, or any other privilege or protection from disclosure. "Producing Party" shall mean a party or non-party that produces Discovery Material in this action. "Receiving Party" shall mean a party that receives Discovery Material from a Producing Party. Defendants further propose the following as to the production of Privileged Material or otherwise protected material. The production of Privileged Material, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. Upon written notification from the Producing Party to the Receiving Party identifying disclosed Privileged Material, the Receiving Party shall not review the disclosed Privileged Material in any respect; shall within fourteen (14) days return, sequester, delete or destroy all copies of the disclosed Privileged Material (including any and all work-product containing such Privileged Material); shall take reasonable steps to retrieve such Privileged Material if the Receiving Party disclosed it before being notified; and shall make no further use of such Privileged Material (or work product containing such Privileged Material). If the Receiving Party receives documents, ESI, or other forms of information from the Producing Party that, upon inspection or review, appears in any respect to contain or constitute Privileged Material, the Receiving Party shall immediately stop review of such information, promptly sequester the potentially Privileged Material, and immediately identify the potentially Privileged Material to the Producing Party. The Receiving Party may</u>

object to the Producing Party's designation of disclosed information as Privileged Material by providing written notice of such objection within seven (7) days of its receipt of a written demand for the return of the disclosed Privileged Material. Any such objection shall be resolved by the Court after an in camera review of the disclosed Privileged Material. Pending resolution of any such dispute by the Court, the Receiving Party shall not review and shall not use the disclosed Privileged Material in any respect. Defendants propose that the foregoing shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d), and that nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Defendants further propose that the parties ask the Court to include the foregoing in an order under Rule 502(d), Federal Rules of Evidence.

Plaintiffs' position is forthcoming.

E.   The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☐   No.

☐   Yes; <u>Defendants propose</u> a maximum of 25 interrogatories, 25 requests for admission, and 25 requests for production by each side for each phase of discovery; responses due 45 days after service; maximum of 10 depositions by each side for each phase of discovery; and each deposition is limited to maximum of 7 hours unless extended by agreement of the parties.

Plaintiffs' position is forthcoming.

## 10. Request for Special Handling

☐   <u>Defendants do not request</u> special handling.

☐   The parties request special handling. Specifically, describe requested special handling.

☐   Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

Plaintiffs' position is forthcoming.

## 11. Certification of familiarity with the Local Rules

8

☐ <u>Defendants certify</u> that they have read and are familiar with the Court's Local Rules.

Plaintiffs' position is forthcoming.

## 12. Signatures

_____

Add name of party or counsel
    If counsel, add name of client
Add date of signature

*/s/ Christopher DeGroff*

Christopher DeGroff
Defendants
3/17/2026