**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JAMES CRITELLI, RYAN THEODORE,
TAYLOR EGGERICHS, RAY
CUNNINGHAM, ERIK VOLEK, ANDREW
KUMNICK, and all other similarly situated,

      Plaintiffs,

      v.

DANAHER CORPORATION, PALL
CORPORATION, BECKMAN COULTER,
INC., GLOBAL LIFE SCIENCES
SOLUTIONS USA LLC d/b/a CYTIVA,
RADIOMETER AMERICA, INC.,

      Defendants.

Case No. 6:25-cv-1780-AGM-LHP

**DEFENDANTS' MOTION TO STAY DISCOVERY**
**WITH MEMORANDUM OF LAW IN SUPPORT**

Defendants Pall Corporation ("Pall"), Beckman Coulter, Inc. ("Beckman Coulter"),

Global Life Sciences Solutions USA LLC d/b/a Cytiva ("Cytiva"), Radiometer America,

Inc. ("Radiometer"), and improperly named Danaher Corporation ("Danaher") file this

Motion to Stay Discovery, including Plaintiffs' First Request for Production of

Documents (Exhibit A), pending a decision on Defendants' Motion to Dismiss Plaintiffs'

Amended Complaint (ECF No. 24). Discovery should be stayed because Plaintiffs'

Amended Complaint consists of threadbare allegations that do not warrant opening the

door to discovery at all—let alone discovery upon the sweeping, nationwide class scale

that Plaintiffs are pursuing.[1]

---

[1] Given Defendants' deadline to respond to Plaintiffs' First Request for Production of
Documents by June 22, 2026, Defendants respectfully request a decision on this Motion
to Stay by that date.

**INTRODUCTION**

The Middle District of Florida's Handbook on Civil Discovery Practice provides that when a motion to dismiss is pending, "unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden." Such unusual circumstances exist here. As set forth in Defendants' Motion to Dismiss, Plaintiffs' Amended Complaint fails to state a claim. Instead, the Amended Complaint relies on a thin series of conclusory allegations that fail to support Plaintiffs' individual claims—let alone sustain this matter as a nationwide class action. Defendants should not be compelled to provide discovery for a lawsuit that should be dismissed in its entirety.

However, apparently satisfied that they have fulfilled their obligations at the pleading stage by filing a Complaint, an Amended Complaint, and a Response to Defendants' Motion to Dismiss the Amended Complaint, Plaintiffs are now full speed ahead on a quest for nationwide class discovery—specifically, serving ***131 requests for production***, preceded by ***32 pages of definitions and instructions***, as Plaintiffs' "First" Request for Production of Documents. (Exhibit A.) But Plaintiffs failed to sufficiently plead their class claims in their Amended Complaint (as well as their individual claims). In fact, Plaintiffs conceded this by failing to meaningfully argue otherwise in their Response to Defendants' Motion to Dismiss. (*See* ECF No. 55 at 6.) Meanwhile, briefing on Defendants' Motion to Dismiss is complete and the case is still in its early stages. Plaintiffs will not suffer any prejudice if a stay is entered pending a ruling on Defendants' Motion to Dismiss. Thus, there is absolutely no need to proceed with any discovery—much less full-blown class-wide discovery—at this time.

On the other hand, proceeding with discovery (especially as envisioned by Plaintiffs) would impose considerable and unnecessary burden and expense on Defendants. Given the sprawling nature of Plaintiffs' putative class claims—coupled with Plaintiffs' inability to plead their claims—the Court's ruling on Defendants' Motion to Dismiss is likely to have a direct impact on the scope of any discovery. The ruling may even moot the need for any discovery. Accordingly, if a stay is not entered, Defendants will be forced to collect and produce an untold number of documents that may ultimately prove wholly irrelevant or, at the very least, disproportionate. Likewise, the ruling is likely to moot many additional discovery disputes that would otherwise arise if discovery were to proceed at this juncture. As such, a stay would also save considerable judicial resources. The Federal Rules are clear that they "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Thus, courts stay discovery pending a motion that, as here, may dispose of the case or narrow the issues substantially. Accordingly, the Court should grant a temporary stay of discovery pending a ruling on Defendants' Motion to Dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

As Plaintiffs allege, "Plaintiffs James Critelli, Ryan Theodore, Taylor Eggerichs, Erik Volek Ray Cunningham, and Andrew Kumnick (collectively 'Named Plaintiffs'), current and former long-term employees with Pall Corp., Beckman Coulter, Global Life Sciences Solutions USA LLC (hereinafter 'Cytiva'), and Radiometer America, Inc." (not Danaher), assert failure to promote claims based on their race (white) and/or gender (male). (*See* ECF No. 20 ("Am. Complt."), p. 1-2.) Plaintiffs allege race discrimination in

3

violation of 42 U.S.C. § 1981 ("§ 1981"). (*Id.*, ¶ 1.) Critelli, Cunningham, Volek, and Kumnick also allege sex and race discrimination in violation of Title VII of the Civil Rights Act ("Title VII") and, respectively, the Florida Civil Rights Act ("FCRA"), Massachusetts Fair Employment Practices Act ("MFEPA"), New York State Human Rights Law ("NYSHRL"), and California Fair Employment and Housing Act ("FEHA"). (*Id.*, ¶¶ 2-5.)

Plaintiffs seek to certify seven nationwide classes of white men who were employed by any Defendant or any of nearly 15 other different entities and employers that Plaintiffs reference as "Danaher OpCos." (*See id.*, n.1, ¶¶ 142-48.) Although Danaher never employed any of them in any capacity, Plaintiffs improperly named Danaher in addition to their actual employers as Defendants in a gambit to swallow each of these purported "Danaher OpCos" within their putative class definitions without having to name them as defendants.

Critelli and Theodore filed the original Complaint on September 15, 2025, naming only Pall and Danaher as Defendants. (ECF No. 1.) Plaintiffs filed waivers of service for these Defendants three months later, on December 11, 2025. (ECF Nos. 11 & 12.) On February 19, 2026, Plaintiffs filed their Amended Complaint to add new parties and claims and "refine their allegations." (ECF Nos. 13 at 2 & 20.)

Defendants filed their Motion to Dismiss Plaintiffs' Amended Complaint on March 5, 2026. (ECF No. 24.) Defendants argued that: (i) Cunningham, Volek, and Kumnick did not exhaust their Title VII claims because they filed these claims without receiving notice of right to sue from the U.S. Equal Employment Opportunity Commission; (ii) most of Critelli, Cunningham, and Kumnick's claims are time-barred under Title VII, the

MFEPA, and the FRCA; (iii) Plaintiffs failed to sufficiently plead plausible individual claims; (iv) Plaintiffs failed to sufficiently plead their Fed. R. Civ. P. 23 class claims; and (v) Plaintiffs failed to sufficiently plead a claim against Danaher. (*Id.*) In other words, the Amended Complaint fails to state a claim in its entirety for multiple reasons.

Plaintiffs filed their Response to Defendants' Motion to Dismiss on April 9, 2026. (ECF No. 49.) Defendants moved under Local Rule 3.01(e) for leave to file a reply to Plaintiffs' Response on April 17, 2026. (ECF No. 50.) The Court granted Defendants' request on April 20, 2026, and Defendants filed their Reply on April 27, 2026. (ECF Nos. 51 & 55.) Accordingly, Defendants' Motion to Dismiss is fully briefed and pending resolution.

## LEGAL STANDARD

"A district court's 'power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket.'" *Mackiewicz v. Nationstar Mortg., LLC*, No. 6:15-cv-465-Orl-18GJK, 2015 WL 11983233, at *1 (M.D. Fla. Nov. 10, 2015) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936)) (granting motion to stay); *see also Culbertson v. Pro Custom Solar LLC*, No. 8:22-cv-2252-CEH-UAM, 2024 WL 4392680, at *2 (M.D. Fla. Oct. 3, 2024) ("Courts have broad discretion to stay proceedings as incidental to their power to control their own dockets."). Courts may stay discovery if there is good cause, such as "the elimination of unnecessary expenditures of time, money, and other resources" and to "protect a party from undue burden and expense." *See Johnson v. Whaleco, Inc.*, No. 5:23-cv-403-GAP-PRL, 2023 WL 6292691, at *1 (M.D. Fla. Sept. 27, 2023) (granting motion to stay). To that end, district courts have the authority to grant a motion to stay while a

5

dispositive motion is pending if the motion could "resolve[] the issues before the district court and obviate[] the defendants' need to comply with other deadlines." *See Hunt v. Nationstar Mortg., LLC*, 684 F. App'x 938, 945 (11th Cir. 2017) (holding that district court did not abuse discretion in granting defendants' motion to stay deadlines while their motion to dismiss was pending); *see also Point Conversions, LLC v. Lopane*, No. 20-CIV-61549-RAR, 2020 WL 6700236, at \*2 (S.D. Fla. Oct. 29, 2020) (granting motion to stay and staying general discovery and other pretrial deadlines until court issued order on defendant's motion to dismiss).

To determine whether a stay is appropriate, "the Court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *See Murray v. Taylor*, No. 6:24-cv-6-CEM-LHP, 2024 WL 1994556, at \*1 (M.D. Fla. May 6, 2024) (Price, Mag. J.) (granting defendants' motion to stay discovery and case deadlines pending resolution of their motion to dismiss). In making this determination, it may be helpful for the Court to take a preliminary peek at the merits of the dispositive motion to assess the likelihood that such motion will be granted. *See id.* The Court should also consider several other factors, "including prejudice to the non-moving party, whether the requested stay would simplify and clarify the issues, and whether the potential stay would reduce the burden of litigation on the parties and on the court." *See Buending v. Town of Redington Beach*, No. 8:19-cv-1473-VMC-MRM, No. 8:20-cv-2568-VMC-MRM, 2023 WL 2466505, at \*1 (M.D. Fla. Feb. 27, 2023) (granting motion to stay).

**ARGUMENT**

## I.  Defendants' Motion To Dismiss Is Likely To Eliminate Or Significantly Narrow Plaintiffs' Claims And Discovery.

Courts in this District will grant motions to stay discovery pending meritorious dispositive motions, including those premised on the plaintiff's failure to state a claim. *See, e.g., Rigby v. Capitol One Fin. Corp.*, No. 3:24-cv-98-HES-MCR, 2024 WL 4099801, at *6 (M.D. Fla. Sept. 6, 2024) (quoting *Bufkin v. Scottrade, Inc.*, 812 F. App'x 838, 842 (11th Cir. 2020)) (granting motion to stay discovery pending resolution of motion to dismiss and "until there is a viable complaint" because "Plaintiff has yet to state a claim" and "there may still be a 'challenge to the legal sufficiency of a claim'" once plaintiff amended); *Murray*, 2024 WL 1994556, at *1 (granting motion to stay when defendants moved to dismiss plaintiff's complaint on grounds including that it "fails to plead a plausible claim"); *George & Co. LLC v. Cardinal Indus., Inc.*, No. 2:18-cv-154-FtM-38MRM, 2019 WL 1468514, at *2 (M.D. Fla. Feb. 19, 2019) (granting motion to stay discovery pending resolution of motion to dismiss when defendant argued in motion to dismiss "that Plaintiff has failed to state a claim in numerous Counts" and court found "that the Motion to Dismiss raises potentially meritorious challenges to the Fourth Amended Complaint," noting further that "[w]hether the Fourth Amended Complaint will ultimately withstand Defendant's challenges is a matter for the presiding United States District Judge's consideration"); *Latell v. Triano*, No: 2:13-cv-565-FtM-29CM, 2014 WL 12616971, at *2 (M.D. Fla. Oct. 16, 2014) (granting in part motion to stay discovery pending adjudication of motions to dismiss "[b]ecause there are pending motions challenging . . . the legal sufficiency of the amended complaint"); *cf. Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (holding that there was no abuse of

discretion where district court suspended discovery pending judgment on pleadings that were "facial challenges to the legal sufficiency of [plaintiff's] complaint"); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("[A] motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins."); *Caicedo v. DeSantis*, No: 6:23-cv-2303-JSS-RMN, 2024 WL 1579675, at *1 (M.D. Fla. Apr. 11, 2024) (granting motion to stay discovery obligations pending court's resolution of motion to dismiss and noting that discovery "should follow the filing of a well-pleaded complaint").

If the Court takes a preliminary look at Defendants' Motion to Dismiss, it will see that the Motion to Dismiss should be granted, resulting in the dismissal of Plaintiffs' claims in whole or at least significant part.

First, the Court should dismiss this case in its entirety because each and every Plaintiff fails to state a claim of discrimination. As Defendants laid out, courts in this Circuit routinely dismiss claims where the plaintiff, like Plaintiffs here, fails to adequately plead that he was not promoted or hired because of his protected class. (*See* ECF No. 24 at 8-16.) Importantly, in their Response to Defendants' Motion to Dismiss, Plaintiffs did not suggest how they could cure the pleading deficiencies that Defendants identified if given another chance. Rather, Plaintiffs' Response doubled-down on their conclusory allegations and insisted that no more is required of them. (*See* ECF Nos. 49 at 9-13 & 55 at 4-5.) However, more is required under the controlling pleading standards, and Plaintiffs have failed to deliver.[2]

---

[2] Notably, Plaintiffs represented that their Amended Complaint was merely to "refine their allegations," indicating that Plaintiffs have provided all of the factual allegations

Second, Defendants' Motion to Dismiss set forth other bases for dismissal that would drastically reduce the scope of the case, if not dispose of it entirely. At the outset, most of Critelli, Cunningham, and Kumnick's individual gender and race discrimination claims are time-barred under Title VII, the MFEPA, and the FCRA. (*See* ECF No. 24 at 7-8.)[3] More broadly, Danaher is not a proper defendant in this case. (*See* ECF No. 24 at 24-26.) Plaintiffs rely on Danaher as the hook to encompass every alleged "Danaher OpCo" (totaling nearly 20 separate and distinct companies by Plaintiffs' count) within the scope of their putative classes. (*See* Am. Complt., ¶¶ 10, 142-48.) If Plaintiffs' claims against Danaher are dismissed as they should be, the purported scope of the case shrinks to just the four entities that actually employed Plaintiffs. Even further, Plaintiffs fail to sufficiently plead basic Rule 23 class requirements, which Plaintiffs conceded in their Response to Defendants' Motion to Dismiss by failing to provide any substantive response whatsoever to Defendants' arguments. (*See* ECF Nos. 24 at 16-24 & 55 at 6.) As a result, this case would proceed as a handful of individual claims, if at all.[4] In this respect, too, the Court's ruling on the Motion to Dismiss would fundamentally alter the landscape in this litigation, including the scope of discovery and the number of discovery issues that arise before trial.

---

they are able or willing to offer. (*See* ECF No. 13 at 2.) Yet, Defendants still set forth a myriad of fatal deficiencies in Plaintiffs' pleading.

[3] If these claims were to survive under § 1981, they could only concern race discrimination. *See Harrell v. City of Opa-Locka*, No. 20-21927-CIV-ALTMAN/Goodman, 2020 WL 13904211, at *1 (S.D. Fla. Oct. 18, 2020).

[4] Indeed, the case may not even proceed as an individual action for long if Plaintiffs' class allegations are dismissed, and therefore interests of cost and resource efficiency further support formally deferring discovery until Defendants' Motion to Dismiss is decided.

Because these arguments are independently sufficient to dismiss Plaintiffs' Amended Complaint (either entirely or substantially), Defendants should not be compelled to participate in discovery while the Motion to Dismiss is pending. *See, e.g., Hansen v. Smith*, No. 6:25-cv-117-ACC-LHP, 2025 WL 1677717, at *1-2 (M.D. Fla. June 13, 2025) (Price, Mag. J.) (granting defendants' motion to stay discovery and staying all discovery pending court's ruling on defendants' motion to dismiss, including given issues of statute of limitations); *Murray*, 2024 WL 1994556, at *1; *George & Co. LLC*, 2019 WL 1468514, at *2; *McCabe v. Foley*, 233 F.R.D. 683, 686-87 (M.D. Fla. 2006) (granting motion for temporary stay of discovery "while potentially case dispositive motions are decided" and finding that "Defendants have raised meritorious challenges to the legal sufficiency of the Verified Amended Complaint" and that plaintiff's "allegations are conclusory"); *Gill-Samuel v. Nova Biomedical Corp.*, No. 13-62591-CIV-ROSENBAUM/HUNT, 2014 WL 11762719, at *1 (S.D. Fla. Feb. 18, 2014) (granting motion to stay discovery and staying factual discovery pending court's ruling on motion to dismiss and motion to strike class allegations because "Court's ruling on whether to strike Plaintiff's class-action allegations or dismiss the Complaint in its entirety can have significant ramifications on the scope of any factual discovery between the parties" and "discovery is not required for the Court to rule on the purely legal questions addressed by the Motion to Dismiss and Motion to Strike").

## II.    Plaintiffs Will Not Suffer Substantial Prejudice If A Stay Is Granted.

Plaintiffs cannot demonstrate that they will suffer prejudice if the Court stays discovery until it rules on Defendants' Motion to Dismiss. This case remains in its infancy, based on when Plaintiffs set it in motion. (*See* ECF Nos. 1 (original Complaint

10

filed 9/15/2025), 11 (first waiver of service returned executed on 12/11/2025), & 20 (Amended Complaint filed 2/19/2026).) With Defendants' Motion to Dismiss their Amended Complaint now pending, Plaintiffs' dual objectives are clear: (i) "create" facts in discovery instead of pleading them; and (ii) place overwhelming burden on Defendants to settle. The Court should reject Plaintiffs' tactics and "shoot first, aim later" pleading approach. Defendants seek a stay of discovery for a finite period – namely, until the Court resolves the pending Motion to Dismiss. Courts find no prejudice where, as here, the stay is limited in duration and sought toward the outset of litigation. *See, e.g., Murray*, 2024 WL 1994556, at *1 ("And given the early stages of this case, the Court fails to see any prejudice that will be suffered by Plaintiff while the claims and legal issues in this case are clarified and/or resolved."). The Case Management and Scheduling Order and all future deadlines would not be impacted, especially where discovery is not set to close until June 4, 2027. (ECF No. 52 at 2.) Plaintiffs can diligently pursue their claims following the resolution of the Motion to Dismiss, when the scope of their claims will be far clearer (to the extent they were to survive at all). Thus, Plaintiffs will not experience any prejudice or harm by deferring discovery until after the Motion to Dismiss is decided. *See, e.g., Johnson*, 2023 WL 6292691, at *1 ("Moreover, Plaintiff has not shown that she will be harmed by the temporary stay.").

### III.    Defendants Will Suffer Significant Hardship And Inequity And Judicial Resources Would Be Wasted Absent A Stay.

In contrast with Plaintiffs, Defendants will suffer significant hardship and inequity if the Court does not enter a stay. Absent a stay, Defendants would be subject to producing documents and information that not only relate to Plaintiffs but also the putative classes, as well as faced with requests to produce documents and information

11

on behalf of countless third-parties. *See, e.g., Mitchell v. Apollo Interactive Ins. Sols. LLC*, No. 3:24-cv-643-BJD-LLL, 2024 WL 5327443, at *2 (M.D. Fla. Dec. 16, 2024) (granting motion to stay discovery and reasoning that "[a]llowing discovery to proceed on the merits of plaintiff's class action lawsuit may result in the expenditure of large amounts of time, money, and judicial resources"). In their Requests, Plaintiffs have set the definition of "Danaher," You," or "Your" to mean

> Defendant Danaher Corporation, and Defendant OpCos, together with its present and former parents, subsidiaries, divisions, operating companies, business units, affiliates, predecessors, successors, and its officers, directors, employees, agents, attorneys, recruiters, Human Resources personnel, Talent Acquisition personnel, DEI personnel, compensation personnel, consultants, insurers, investigators, affiliated entities, third-party administrators, vendors, outside service providers, cloud providers, and all other persons acting or purporting to act on its behalf,

making clear that Plaintiffs are seeking to burden Defendants with producing all responsive documents and information on behalf of an untold number of non-parties. (Exhibit A at 2.) This is only one among 32 pages of definitions and instructions, which will take weeks for the parties to hammer out if the case moves forward as Plaintiffs propose. And, the discovery Plaintiffs seek constitutes class-wide discovery as it involves all "operating companies," not just those that employed Plaintiffs. (*Id.*) In fact, only four out of 131 requests refer to the "Named Plaintiffs." The sheer number of requests multiplied by their expansive non-party reach alone make clear that responding would impose a substantial burden.

Meanwhile, the Court's ruling on the Motion to Dismiss may render this discovery irrelevant. The ruling may also have a material impact on the proportionality and burden analysis applicable to any additional discovery. In other words, the Court's ruling may

very well moot most—if not all—of the discovery Plaintiffs contemplate seeking. Thus, allowing Plaintiffs to continue their scorch the earth discovery tactics would require Defendants to obtain, review, and produce numerous documents that may ultimately have no bearing on the resolution of this case. Defendants should not be unduly burdened with the cost and expense associated with producing potentially vast amounts of unnecessary discovery. Indeed, courts grant stays in recognition that requiring defendants to undertake expansive discovery on claims that may be dismissed is both inefficient and prejudicial. *See, e.g., Colon v. Moore & Van Allen PLLC*, No. 8:25-cv-01243-WFJ-LSG, 2025 WL 2930294, at *3 (M.D. Fla. Oct. 15, 2025) (granting motion to stay discovery and ordering that discovery should be stayed pending resolution of motion to dismiss, including for failure to state a claim, upon finding "that the possibility of dismissal is significant enough, to avoid "potentially unnecessary and costly discovery").

Likewise, staying discovery here will "promote judicial economy" and "reduce confusion and prejudice." *See Lopez v. Miami-Dade Cnty.*, 145 F. Supp. 3d 1206, 1208 (S.D. Fla. 2015) (granting motion to stay). The fact that Plaintiffs contemplate seeking so much discovery if discovery proceeds only underscores the potential waste of judicial resources that will arise if a stay is not entered. On the other hand, a stay will prevent a considerable amount of unnecessary motion practice and thereby preserve the Court's valuable time and resources.

The U.S. Supreme Court "has cautioned that to obtain discovery, a plaintiff must present more than his own conclusion that the action taken against him was due to" a protected characteristic. *Shah v. Orange Park Med. Ctr., Inc.*, No. 3:14-cv-1081-J-

34JRK, 2016 WL 4943925, at *1, *4-6, *12 (M.D. Fla. Sept. 16, 2016) (Howard, J.) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (granting motion to dismiss discrimination claims when plaintiff did "not identify the position(s) that [plaintiff] was wrongfully denied," did not "provide any non-conclusory allegations demonstrating that [plaintiff] was qualified for the committee or leadership roles he sought," alleged "in a conclusory manner, that "these 'opportunities' were provided to" individuals outside his protected class "without any factual allegations showing that [director and chief executive officer] treated similarly situated employees more favorably, or that a similarly situated physician obtained a specific position that was denied to [plaintiff]," and did not "otherwise set forth any well-pled facts from which one could plausibly infer that [ ] discrimination occurred"). But the Amended Complaint amounts to nothing more than such conclusions. Thus, it is unreasonable to have Defendants shoulder the burden for the cost and expense associated with participating in discovery, including responding to Plaintiffs' Requests. The Court should stay discovery until it rules on the pending dispositive Motion to Dismiss.[5]

**CONCLUSION**

For all of the reasons set forth above, Defendants respectfully request that the Court grant Defendants' Motion to Stay Discovery pending a resolution of Defendants' Motion to Dismiss, including the responses to the First Request for Production of Documents propounded by Plaintiffs on Defendants, currently due June 22, 2026.

---

[5] This request does not include staying initial disclosures. The Case Management and Scheduling Order provides for "mandatory initial disclosures" by May 29, 2026. (ECF No. 52 at 1.)

DATED: May 28, 2026     Respectfully submitted,

**SEYFARTH SHAW LLP**

*/s/ Christopher J. DeGroff*
Christopher J. DeGroff
(admitted *pro hac vice*)
CDeGroff@seyfarth.com
Michael D. Jacobsen
(admitted *pro hac vice*)
mjacobsen@seyfarth.com
Seyfarth Shaw LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

Robin N. Khanal
Florida Bar No. 0571032
rkhanal@qpwblaw.com
Quintairos, Prieto, Wood & Boyer, P.A.
255 South Orange Avenue
Suite 900
Orlando, Florida  32801
Telephone: (407) 872-6011
Facsimile: (407) 872-6012

*Attorneys for Defendants*

15

## Local Rule 3.01(g) Certificate

Pursuant to Local Rule 3.01(g), the undersigned counsel for Defendants certifies that counsel for Defendants has conferred with Plaintiffs' counsel by telephone, Plaintiffs oppose the relief requested by this Motion, and Plaintiffs' counsel do not agree in part or in whole on the resolution of the Motion.

/s/ *Christopher J. DeGroff*
Christopher J. DeGroff
*Attorney for Defendants*

## Certification Under Penalty of Perjury That Artificial Intelligence Was Not Used in the Preparation of This Filing

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of the Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under

penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

/s/ *Christopher J. DeGroff*
Christopher J. DeGroff
*Attorney for Defendants*

### Certificate of Service

I certify that on May 28, 2026, I electronically filed this document with the Clerk of Court using CM/ECF, causing a copy to be served on all counsel of record.

/s/ *Christopher J. DeGroff*
Christopher J. DeGroff
*Attorney for Defendants*