**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JAMES CRITELLI, RYAN THEODORE,
TAYLOR EGGERICHS, RAY CUNNINGHAM
ERIK VOLEK, ANDREW KUMNICK,
and all other similarly situated,

      Plaintiffs,

vs.

                                   Case No.: 6:25-cv-01780-AGM-LHP

DANAHER CORPORATION, PALL
CORPORATION, BECKMAN COULTER, INC.,
GLOBAL LIFE SCIENCES SOLUTIONS
USA LLC d/b/a CYTIVA, RADIOMETER
AMERICA, INC.

      Defendants.

_____/

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STAY DISCOVERY

Plaintiffs oppose Defendants' Motion to Stay Discovery because Defendants have not met their burden to show good cause, unusual circumstances, or a specific undue burden justifying a blanket stay of discovery. The mere filing of a motion to dismiss does not automatically suspend discovery, and Defendants' motion offers only generalized assertions that Plaintiffs' discovery is broad and that Defendants believe Plaintiffs' claims should be dismissed. That is insufficient. Plaintiffs need discovery to obtain information uniquely within Defendants' possession concerning promotion decisions, employment policies, comparator evidence, decisionmakers, personnel data, and the relationship among Danaher and the operating companies. Staying discovery now would prejudice Plaintiffs, delay the orderly progress of the case, and reward Defendants for withholding

access to the very facts necessary to prove Plaintiffs' claims. Thus, because Defendants fail to establish that their motion is clearly meritorious, case-dispositive, or that any burden outweighs the prejudice to Plaintiffs, the motion should be denied.

## INTRODUCTION

This is the second time Defendants have sought the extraordinary relief of halting all discovery merely because they have filed a motion to dismiss, and Defendants have identified no changed circumstance that would justify revisiting the Court's prior decision. [Dkt. 57].[1] Moreover, such relief is disfavored and reserved for unusual circumstances. *Gen. Dynamics Electric Boat Corp. v. Skobic*, No. 3:24-cv-387-WWB-MCR, 2024 WL 4188363, at *3 (M.D. Fla. Sept. 13, 2024) ("stay of discovery should be the exception rather than the rule"). In fact, a motion to stay discovery pending a dispositive motion is generally disfavored "because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)).

Defendants' disagreement with the merits of Plaintiffs' claims and their characterization of Plaintiffs' discovery as "sweeping" do not supply good cause for a complete stay. *Farias Matos v. Lexington Place Condo. Assn., Inc.*, No. 6:18-cv-1105-Orl-31DCI, 2019 WL 13061948, at *2 (M.D. Fla. Feb. 13, 2019) ("Thus, the mere fact that there is a pending motion to dismiss does not,

---

[1] In the Case Management Report, the parties proposed competing discovery plans. Defendants initially sought to stay discovery until the Motion to Dismiss was decided; Plaintiffs proposed staged discovery, commencing immediately. [Dkt. 45, Sec. 9]. The Court's subsequently issued a Case Management and Scheduling Order rejecting Defendants' request to stay discovery. [Dkt. 52].

in and of itself, militate in favor of staying discovery"); *Benchmark Intl. CSSA, LLC v. Burdi*, No. 8:24-cv-0265-MSS-AAS, 2024 WL 1555006, at *2 (M.D. Fla. Apr. 10, 2024) (denying motion to stay discovery and explaining that the Federal Rules provide mechanisms for addressing discovery disputes). A stay is appropriate only where the moving party demonstrates that the pending motion is clearly meritorious and truly dispositive, and where the burden of proceeding outweighs the prejudice caused by delay. *Sprint Sols., Inc. v. Cell Xchange, Inc.*, 49 F.Supp.3d 1074, 1077 (M.D. Fla. 2014) ("a request to stay discovery pending resolution of a motion should rarely be granted unless resolution of the motion will dispose of the entire case"). Defendants have not made that showing. Instead, Defendants repackage their Motion to Dismiss in hopes that the Court will find the pending motion sufficient to justify a discovery freeze. Yet, even a partially meritorious motion would not dispose of the entire case.

This case involves allegations of systemic race and sex discrimination in promotions and employment opportunities across related operating companies. [Dkt. 20]. Discovery is necessary to identify the relevant decision makers and policies, assess Defendants' centralized practices, and develop evidence relevant to both the merits and class certification. Defendants should not be permitted to use their motion to dismiss as a procedural device to delay discovery and preserve their exclusive control over the facts. The requested stay would prejudice Plaintiffs, delay this already-pending employment discrimination action, and risk the loss or degradation of evidence concerning promotion decisions, hiring practices, personnel data, communications, policies, and electronically stored information. Defendants, by contrast, identify no concrete burden that cannot be addressed through ordinary discovery mechanisms, including objections, meet-and-confers, phased discovery, proportionality limitations, confidentiality protections, or targeted motion

practice. Because Defendants have not shown unusual circumstances, specific prejudice, or undue burden, the motion should be denied.

## **LEGAL STANDARD**

A motion to stay discovery pending a dispositive motion is generally disfavored, "because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)). Accordingly, the moving party bears the burden of showing good cause to stay discovery. *Id*. In deciding whether to stay discovery, the Court must "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id*. In conducting this analysis, courts weigh the burden of proceeding with discovery against the prejudice caused by delaying it. *Id*. As part of that analysis, the Court may take a "preliminary peek" at the merits of the dispositive motion to determine whether it appears to be "clearly meritorious and truly case dispositive." *Id*. at 652–53. However, a "request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006).

Courts also consider several practical factors when evaluating a request for a stay, including "prejudice to the non-moving party, whether the requested stay would simplify and clarify the issues, and whether the potential stay would reduce the burden of litigation on the parties and on the court." *Mackiewicz v. Nationstar Mortg., LLC*, No. 6:15-cv-465-Orl-18GJK, 2015 WL 11983233, at *1 (M.D. Fla. Nov. 10, 2015); *Encarnacion v. Fin. Corp. of Am.*, No. 2:17-cv-566-FtM-38CM, 2018 WL 5631045, at *1 (M.D. Fla. Oct. 31, 2018) (courts consider whether movant

would suffer a hardship or inequity, whether the stay would simplify and clarify the issues and otherwise promote judicial economy, and possible prejudice to the non-moving party). The court must "assess and balance the nature and substantiality of the injustice claimed on either side." *Maiben v. CSX Transp., Inc.*, No. 09–0125–WS–B, 2009 WL 1211186, at *1 (S.D. Ala. May 1, 2009) (quoting *Feld Entertainment, Inc. v. A.S.P.C.A.*, 523 F.Supp.2d 1, 3 (D.D.C. 2007)).

Nevertheless, the rule remains that, "unless there is 'an immediate and clear possibility' that a motion to dismiss will be granted, a motion to stay discovery should be denied." *Silva v. Lee County, Florida*, No. 2:21-cv-210-JLB-NPM, 2021 WL 3849829, at *1 (M.D. Fla. Aug. 27, 2021) (quoting *Eternal Strategies, LLC v. Clickbooth Holdings, Inc.,* No. 8:17-cv-1298-T-36MAP, 2017 WL 7311849, *2 (M.D. Fla. Sept. 20, 2017)). Additionally, Rule 26(b)(1) limits discovery to matters that are relevant and proportional to the needs of the case, further undermining generalized assertions of burden.

## ARGUMENT

I. **The Court already declined to halt discovery despite the pending Motion to Dismiss.**

Defendants' request should be denied because it is inconsistent with the procedural history of this case. Defendants filed their Motion to Dismiss on March 5, 2026. [Dkt. 24]. Following Defendants' Motion to Dismiss, the parties filed a Joint Uniform Case Management Report on March 19, 2026. [Dkt. 45]. In the report, Defendants proposed a stay of discovery pending resolution of their Motion to Dismiss. [Dkt. 45]. Plaintiffs objected to a stay. The Court declined to stay discovery. Instead, on April 23, 2026, the Court entered the Case Management and Scheduling Order, which set discovery deadlines and required the case to proceed. [Dkt. 52].

That procedural history matters. The Motion to Dismiss was already pending when the Court entered the scheduling order. Thus, the existence of that motion is not a new circumstance justifying a stay. Nor have Defendants identified any newly discovered burden, intervening change in law, or other changed circumstance warranting departure from the Court's existing schedule. Defendants' present motion therefore seeks the same practical relief the Court already declined to grant: a suspension of discovery based on the mere pendency of the Motion to Dismiss.

A blanket stay now would effectively undo the Case Management and Scheduling Order without the particularized showing required under Rule 26(c). It would also undermine the orderly progression of this case and reward Defendants for renewing an issue the Court already resolved by allowing the case to proceed. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)) ("when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems."). Here, Defendants point to no concrete hardship that could not be addressed through ordinary discovery procedures, including objections, meet-and-confers, phased discovery, confidentiality protections, or targeted motion practice.

Accordingly, the procedural posture of this case weighs strongly against a stay. Because the Motion to Dismiss was already pending when the Court entered the scheduling order, and because Defendants identify no changed circumstances or particularized burden, Defendants have not shown good cause to halt discovery now.

**II.    Defendants have not shown that their motion to dismiss is likely to dispose of the case.**

Defendants ask the Court to stay discovery based almost entirely on the arguments raised in their Motion to Dismiss. Although Defendants invoke *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997), their reliance is misplaced because that case does not create an automatic stay of discovery whenever a motion to dismiss is pending. Rather, *Chudasama* addressed circumstances where unnecessary and burdensome discovery proceeded while a potentially meritorious motion to dismiss remained unresolved. *Romacorp, Inc. v. Prescient, Inc.*, No. 10–22872–Civ, 2011 WL 2312563, at *2 (S.D. Fla. June 8, 2011) ("Various courts have recognized that *Chudasama* does not stand for the broad proposition that a court must stay discovery when there is a pending motion to dismiss."). The rule in this District remains that "the mere fact that there is a pending motion to dismiss does not, in and of itself, militate in favor of staying discovery." *Farias Matos v. Lexington Place Condo. Assn., Inc.*, No. 6:18-cv-1105-Orl-31DCI, 2019 WL 13061948, at *2 (M.D. Fla. Feb. 13, 2019).

A discovery stay is rarely appropriate unless the pending motion is likely to dispose of the **entire** case. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) ("a request to stay all discovery pending resolution of a motion is rarely appropriate where resolution of the motion will not dispose of the entire case") (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261 (M.D.N.C. 1988)); *see also McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) ("request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case."); *Cuhaci v. Kouri Group, LP*, 540 F.Supp.3d 1184, 1187 (S.D. Fla. 2021) (denying motion to stay because the court could not conclude that the motion to dismiss would be granted or that it would dismiss the case entirely); *Cabrera v. Progressive Behavioral Sci., Inc.*, 331 F.R.D. 185, 187 (S.D. Fla. 2019) (denying motion to stay where the court could not be certain the case would be entirely dismissed); *Norris v. Honeywell Intl., Inc.*,

No. 8:22-cv-1675-CEH-TGW, 2023 WL 4235459, at \*3 (M.D. Fla. June 28, 2023) (denying motion to stay because the Court was not convinced that none of the plaintiffs' allegations would remain following the motion to dismiss). Defendants have not made that showing here.

Defendants' confidence in their Motion to Dismiss is not a substitute for the required showing that the motion is clearly meritorious and truly case dispositive. Defendants fail to show that their Motion to Dismiss, even if granted in part, would eliminate the need for discovery. Several categories of claims and issues would still require factual development. Plaintiffs' Section 1981 claims do not depend on EEOC exhaustion. Plaintiffs' individual promotion and discrimination claims require discovery into relevant positions, qualifications, decisionmakers, comparators, and selection criteria. Danaher's role, and the relationship among Danaher and the operating companies, are fact-intensive issues directly relevant to liability, agency, integrated-enterprise issues, common policies, and class allegations. And Defendants' challenge to the class allegations does not eliminate the need for discovery because class certification is generally a fact-intensive inquiry that should be decided on a developed record.

Defendants' statute-of-limitations argument also does not justify a stay. Even if Defendants were correct that some claims or time periods should be narrowed, which they are not, that would not dispose of the entire action or eliminate the need for discovery. Timeliness issues concerning promotion practices, personnel decisions, and related policies are intertwined with facts Defendants control, including when decisions were made, who made them, what criteria were applied, and whether similar practices continued into actionable periods. In any event, even if the Court were to narrow some claims or time periods, that would not dispose of the entire action or eliminate the need for discovery.

Further, Defendants' attack on Plaintiffs' class allegations does not support a stay. Dismissal of class allegations at the pleading stage is a "drastic remedy" and is strongly disfavored. *Augustus v. Bd. of Public Instruction*, 306 F.2d 862, 868 (5th Cir. 1962); *see also Giordano v. Davison Design & Dev., Inc.*, No. 13-60248-CIV, 2013 WL 11982356, at *4–5 (S.D. Fla. July 18, 2013) (finding a motion to strike class allegations premature and "better suited for a response to a formal motion for class certification, if and when one is filed"). As one court recently explained, "whether Plaintiff's claim deserves class treatment is a fact-dependent inquiry unsuitable for a motion to dismiss or strike." *Settle v. PHBC Marketing, LLC*, No. 8:24-cv-00404, 2024 WL 3638007, at *4 (M.D. Fla. Aug. 1, 2024) (explaining that the adequacy of the class representative should be decided after the record is developed at class certification) (citations omitted). This is particularly important here because Defendants' challenge to the class allegations depends on issues that discovery will clarify, including promotion policies, decision making structures, comparator evidence, personnel data, common practices, and the relationship among Danaher and the operating companies. Defendants cannot argue that Plaintiffs' class allegations are insufficient while simultaneously seeking to prevent Plaintiffs from obtaining the discovery necessary to develop the class-certification record.

Courts in this District have denied stays where a preliminary review of the motion to dismiss did not satisfy the demanding "clearly meritorious" standard and the movant failed to show concrete prejudice or undue burden. *See Securities and Exch. Comm'n v. Taronis Techs., Inc.*, No. 8:22-cv-1939-TPB-AAS, 2023 WL 4661980, at *1 (M.D. Fla. July 20, 2023) ("A preliminary review of Mr. Wilson's motion to dismiss reveals it does not meet the extraordinarily stringent 'clearly meritorious' standard. Mr. Wilson also failed to demonstrate prejudice or undue burden if discovery proceeds. Thus, the balance tips in favor of requiring discovery to go forward.");

*Buechler v. Rumble Inc.*, No. 8:22-cv-2237-SDM-AAS, 2022 WL 17582552, at *1 (M.D. Fla. Dec. 12, 2022) (denying motion to stay where preliminary review did not show that dismissal was clearly required); *Delia v. NewRez, LLC*, No. 6:21-cv-842-WWB-DCI, 2022 WL 20636173, at *2 (M.D. Fla. Apr. 29, 2022) (denying motion to stay as the motion to dismiss was not dispositive of the case in its entirety); *Sprint Sols., Inc. v. Cell Xchange, Inc.*, 49 F. Supp. 3d 1074, 1078 (M.D. Fla. 2014) ("it is unclear whether the TCX Defendants' motion to dismiss will be granted and all claims dismissed, as Plaintiffs appear to state at least some viable claims. As a result, discovery in this action should not be stayed").

Accordingly, even after a preliminary review of the issues raised in the Motion to Dismiss, Defendants have not shown that their motion is clearly meritorious, truly case dispositive, or likely to render discovery unnecessary. Their request for a blanket stay should be denied.

### III.     Plaintiffs will be prejudiced by a stay.

Plaintiffs will be prejudiced if discovery is stayed. Delay increases the risk that relevant evidence will become harder to obtain. This case concerns promotion decisions, personnel practices, internal communications, job postings, selection criteria, interview notes, applicant data, demographic information, and decisionmaker communications. As time passes, employees leave, memories fade, documents become more difficult to locate, and electronically stored information may be archived, deleted, overwritten, or otherwise become more burdensome to retrieve. *See Benson v. Enter. Leasing Co. of Fla., LLC*, No. 6:20-cv-891-Orl-37LRH, 2020 WL 9762513, at *2 (M.D. Fla. Oct. 29, 2020) ("As an initial matter, indefinite stays of discovery and other case activity leave the Court unable to effectively manage a case"). Additionally, Plaintiffs need discovery to identify the full scope of Defendants' discriminatory practices. Defendants possess the relevant personnel data, promotion records, policy documents, internal communications, and

information concerning how Danaher and the operating companies interact. Plaintiffs cannot meaningfully prosecute their individual or class claims while Defendants retain unilateral control over those facts. Lastly, Defendants' proposed stay would disrupt the orderly progress of the case. The Court has entered a case schedule, and discovery is part of the parties' obligation to move the case forward. A stay now would compress discovery later, creating the very inefficiencies and disputes Defendants claim to be avoiding.

Defendants' reliance on *Johnson v. Whaleco, Inc.*, No. 5:23-cv-403- GAP-PRL, 2023 WL 6292691, at *1 (M.D. Fla. Sept. 27, 2023) is misplaced. *Johnson* involved a motion to compel arbitration, not an ordinary motion to dismiss. That distinction matters because arbitration presents a threshold forum issue that can eliminate the need for merits discovery in federal court. The court specifically stated, "[C]ourts have routinely stayed discovery into the underlying merits of the case when a motion to compel arbitration has been filed in good faith." *Id.* at *1 (quoting *Morat v. Cingular Wireless LLC*, No. 3:07-cv-1057-J-20JRK, 2008 WL 11336388, at *2 (M.D. Fla. Feb. 14, 2008). No comparable threshold arbitration issue exists here.

## IV.    Defendants' generalized burden arguments are insufficient.

Defendants' generalized burden arguments are insufficient. A party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Likewise, "[t]he party seeking a stay bears the burden of demonstrating its necessity." *Brady v. Ally Fin., Inc.,* No. 3:17-cv-638-J-39JRK, 2017 WL 10651307, at *1 (M.D. Fla. Nov. 21, 2017). Defendants have not carried that burden here. *See McCrimmon v. Centurion of Fla., LLC*, No. 3:20-cv-36-J-39JRK, 2020 WL 6287681, at *2 (M.D. Fla. Oct. 27, 2020) ("Defendants' unsubstantiated assertion that engaging in discovery now will 'impose an undue burden' on them is insufficient to justify a stay in discovery when a 'preliminary

peek' at the motions to dismiss does not impress upon the Court that all claims against Defendants are likely to be dismissed.")

Defendants' showing is especially deficient because they submit no affidavits, declarations, or other evidence quantifying any alleged burden. They do not identify the cost of compliance, the number of custodians implicated, the volume of documents at issue, the time required to collect or review responsive materials, or any concrete operational hardship that would result from proceeding with discovery. Instead, Defendants rely on conclusory assertions that discovery will be broad or burdensome. That is not enough. Courts routinely reject such unsupported burden arguments. In *United States v. Federal Insurance Co.*, the court denied a stay where the movant relied on conclusory assertions that proceeding could result in avoidable costs or inconsistent outcomes, finding that such assertions did not "make[] out a clear case of hardship or inequity in being required to go forward." *U.S. v. Fed. Ins. Co.*, No. 6:19-cv-1784-Orl-78DCI, 2020 WL 9455638, at *2 (M.D. Fla. Apr. 10, 2020), report and recommendation adopted, No. 6:19-cv-1784-Orl-78DCI, 2020 WL 9455622 (M.D. Fla. Apr. 28, 2020) (quoting *Landis,* 299 U.S. at 255)*.* The same is true here. Defendants' speculative and unsubstantiated concerns do not justify stopping discovery altogether.

Defendants complain that Plaintiffs served 131 requests for production with detailed definitions and instructions. But the number of requests alone does not justify a stay. If Defendants believe particular requests are overbroad, disproportionate, vague, or seek information outside their possession, custody, or control, the Federal Rules provide mechanisms to address those issues. *Ray v. Spirit Airlines, Inc.*, No. 12-61528-Civ, 2012 WL 5471793, at *4 (S.D. Fla. Nov. 9, 2012) (denying motion to stay discovery and noting that should any future discovery requests burden or harass movant, "the multitude of tools provided by the discovery rules remain at [the party's]

disposal"). Defendants may serve objections, meet and confer, propose search terms and custodians, negotiate phased production, seek protective treatment for confidential information, or move for a protective order as to specific requests. Indeed, Defendants' own argument confirms why a blanket stay is unnecessary. If particular requests are objectionable, the proper remedy is targeted relief directed to those requests—not a wholesale suspension of discovery in an employment discrimination case where Defendants possess the core personnel, promotion, and policy evidence. Thus, a generalized objection to the scope of discovery cannot substitute for the particularized showing required to halt discovery entirely.

Defendants cite *Buending v. Town of Redington Beach*, No. 8:19-cv-1473-VMC-MRM, No. 8:20-cv-2568-VMC-MRM, 2023 WL 2466505, at *1 (M.D. Fla. Feb. 27, 2023) for the proposition that a potential stay would reduce the burden of litigation on the parties and on the court. That case is inapposite. It involved a motion to stay pending appellate review that could resolve all controlling issues in the litigation. *Id*. at *2. Here, that is not the issue. Defendants seek a stay based on a motion to dismiss that raises contested issues and, even if granted in part, would not eliminate the need for discovery.

Defendants' remaining authorities are likewise distinguishable because they involved threshold issues such as personal jurisdiction, arbitration, or immunity, rather than an ordinary motion to dismiss that would not eliminate the need for discovery here. *See Latell v. Triano*, No. 2:13-cv-565-FtM-29CM, 2014 WL 12616971, at *2 (M.D. Fla. Oct. 16, 2014) (granting stay where pending motions challenged not only the legal sufficiency of the complaint, but also personal jurisdiction); *Mitchell v. Apollo Interactive Ins. Sols. LLC*, No. 3:24-cv-643-BJD-LLL, 2024 WL 5327443, at *2 (M.D. Fla. Dec. 16, 2024) (granting stay in context of motion to compel arbitration, a threshold forum issue); *Hansen v. Smith*, No. 6:25-cv-117-ACC-LHP, 2025 WL

1677717, at *1–2 (M.D. Fla. June 13, 2025) (granting stay where defendants raised threshold judicial-immunity issues in addition to statute of limitations); *Johnson v. Whaleco, Inc.*, No. 5:23-cv-403- GAP-PRL, 2023 WL 6292691, at *1 (M.D. Fla. Sept. 27, 2023) (staying merits discovery where a motion to compel arbitration had been filed in good faith); *Point Conversions, LLC v. Lopane,* No. 20-CIV-61549-RAR, 2020 WL 6700236, at *2 (S.D. Fla. Oct. 29, 2020) (granting stay where the motion to dismiss raised immunity issues). None of these cases supports a blanket stay where, as here, Defendants rely on a contested motion to dismiss that raises merits, timeliness, class, exhaustion, and corporate-relationship arguments and would not eliminate the need for discovery even if granted in part.

Allowing discovery to proceed now is more consistent with Rule 1's command that the Rules be administered to secure the just, speedy, and inexpensive determination of every action.

## CONCLUSION

Defendants have not shown unusual circumstances, specific prejudice, or undue burden sufficient to justify a stay of discovery. Their motion is based on generalized burden arguments and their own view of the merits of their motion to dismiss. That is insufficient. Plaintiffs will be prejudiced by delay, and discovery is necessary to develop evidence uniquely within Defendants' possession.

Accordingly, Plaintiffs respectfully request that the Court deny Defendants' Motion to Stay Discovery.

## Certification Under Penalty of Perjury That Artificial Intelligence Was Used in the Preparation of This Filing

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. Artificial intelligence was used in the preparation of this filing in the following way, legal research and editing. However, under penalty of perjury, I certify that before filing, I personally reviewed Rule 11 of the Federal Rules of Civil Procedure and I personally read every case. I understand that if a case upon which I rely does not exist or does not reasonably stand for the cited proposition, the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, that as the person signing this filing I am the person who will be held responsible for its contents even if it was prepared by someone else, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

Dated this 11th day of June 2026.

Respectfully Submitted,
**/s/ _Marc R. Edelman_**
**MARC R. EDELMAN, ESQ.**
Fla. Bar No. 0096342
**SOPHIA L. WALKER, ESQ.**
Fla. Bar No. 1068754
**MORGAN & MORGAN, P.A.**
201 N. Franklin Street, 7th Floor

Tampa, FL 33602
Telephone: 813-577-4722
Fax: 813-257-0572
MEdelman@forthepeople.com
Sophia.Walker@forthepeople.com

**GREGORY R. SCHMITZ, ESQ.**
Fla. Bar No. 0094694
**MORGAN & MORGAN, P.A.**
20 N. Orange Avenue, 15th Floor
Orlando, FL 32801
Telephone: 407-204-2170
Fax: 407-245-3401
gschmitz@forthepeople.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of June 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court via the CM/ECF which will serve a copy by electronic notice to all counsel of record;

Michael D. Jacobsen, Esq.
mjacobsen@seyfarth.com
Christopher J. DeGroff, Esq.
cdegroff@seyfarth.com
**SEYFARTH**
233 South Wacker Drive
Suite 8000
Chicago, IL 60606
Tel: 312-460-5232
Fax: 312-460-7075
*Attorneys for Defendants*

*/s/Marc R. Edelman, Esq.*
**Marc R. Edelman, Esq.**