**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JAMES CRITELLI, RYAN
THEODORE, TAYLOR EGGERICHS,
RAY CUNNINGHAM, ERIK VOLEK,
AND ANDREW KUMNICK, AND
ALL OTHERS SIMILARLY
SITUATED,

        Plaintiffs,

v.                          Case No: 6:25-cv-1780-AGM-LHP

DANAHER CORPORATION, PALL
CORPORATION, BECKMAN
COULTER, INC., GLOBAL LIFE
SCIENCES SOLUTIONS USA LLC,
AND RADIOMETER AMERICA,
INC.,

        Defendants.

---

### ORDER

Before the Court is Defendants' Motion to Stay Discovery With Memorandum of Law in Support. Doc. No. 57. Plaintiffs oppose. Doc. No. 61. Upon consideration, Defendants' motion (Doc. No. 57) will be **DENIED**.

Plaintiffs instituted this putative class action on September 15, 2025, and the operative pleading is the amended complaint, filed on February 19, 2026. Doc. Nos. 1, 20. In sum, Plaintiffs are white men who worked for Defendants, and allege that Defendants' Diversity, Equity and Inclusion Policy ("DEI Policy") resulted in

systemic discrimination against Plaintiffs and others similarly situated on the basis of their gender and race.   Doc. No. 20.   More specifically, Plaintiffs contend that Defendants applied their DEI Policy such that Plaintiffs would apply for internally posted positions that they were qualified for, but were not selected for the positions, which were instead awarded to women or persons of color.   *Id.*   Plaintiffs assert sex and race discrimination claims in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 1981a, and several state civil rights laws.   *Id.*   Discovery opened on or about March 19, 2026, and is scheduled to close on June 4, 2027.   Doc. Nos. 45, 52.

Defendants have moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that: (1) some of the named Plaintiffs failed to exhaust their administrative remedies while others are time-barred; (2) Plaintiffs have failed to allege facts establishing plausible claims of discrimination; (3) the class allegations fail to satisfy Federal Rule of Civil Procedure 23; and (4) Plaintiffs cannot establish that Defendant Danaher Corporation was their employer.   Doc. No. 24.   Plaintiffs have responded in opposition (Doc. No. 49), to which Defendants replied (Doc. No. 55), and the motion remains pending before the Presiding District Judge.

Now before the Court is Defendants' motion to stay discovery, in which Defendants argue that Plaintiffs are seeking discovery on a "sweeping, nationwide class scale" that will be great reduced – if not eliminated – by resolution of the

motion to dismiss.   Doc. No. 57.   Defendants further contend that proceeding with discovery absent a ruling on their motion to dismiss will impose a considerable and unnecessary burden and expense on them, and Plaintiffs will not be substantially prejudiced by a stay.   *Id.*   For their part, Plaintiffs argue that Defendants have not demonstrated good cause, unusual circumstances, or a specific undue burden justifying a wholesale stay of discovery.   Doc. No. 61.

The Court has broad discretion to stay discovery as part of its inherent authority to control its docket.   *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate has broad discretion to stay discovery pending decision on a dispositive motion.").   However, motions to stay discovery pending a ruling on a dispositive motion are generally disfavored in this District.   *See* Middle District Discovery (2021) § (I)(E)(4); *see also Gen. Dynamics Elec. Boat Corp. v. Skobic*, No. 3:24-cv-387-WWB-MCR, 2024 WL 4188363, at *3 (M.D. Fla. Sept. 13, 2024) ("A stay of discovery should be the exception rather than the rule.   There is no general rule that discovery be stayed while a pending motion to dismiss is resolved." (citations omitted)).   Indeed, "when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems."   *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail*

*Concepts, Inc.*, 121 F.R.D. 261 (M.D.N.C. 1988)).   *See also Tech Traders, LLC v. Insuladd Env't, Ltd.*, No. 6:18-cv-754-Orl-40GJK, 2018 WL 8369219, at *1 (M.D. Fla. Oct. 5, 2018) (noting that requests to stay discovery "are generally disfavored because they unreasonably delay the progress of the case and impede the Court's ability to manage discovery.").

The moving party bears the burden of showing good cause to stay discovery. *Feldman*, 176 F.R.D. at 652; *see also* Middle District Discovery (2021) § (I)(E)(4) ("[U]nusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden.").   In determining whether a stay of discovery is warranted, the Court must balance the harm produced by delay against the possibility that the dispositive motion will be granted and entirely eliminate the need for discovery.   *Feldman*, 176 F.R.D. at 652.   In making this determination, "it is necessary for the Court to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive."   *Id.* at 652–53 (quotations omitted).

Upon consideration, Defendants have not shown good cause for a stay of discovery.   Taking a "preliminary peek" at Defendants' motion to dismiss (Doc. No. 24), and without expressing any opinion as to final resolution of the motion, the undersigned is not convinced that Defendants' motion is so clearly meritorious such that a stay of discovery is warranted.   Indeed, this is not a situation where the

allegations of the amended complaint are "especially dubious."  *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997).

Defendants' motion in large part challenges the legal sufficiency of the factual allegations supporting Plaintiffs' claims and class allegations and as Defendants themselves acknowledge, their motion may not entirely eliminate the need for discovery in this case.  *See* Doc. No. 57, at 3 ("[T]he Court's ruling on Defendants' Motion to Dismiss is likely to have a direct impact on the scope of any discovery. The ruling may even moot the need for any discovery. . . . Thus, courts stay discovery pending a motion that, as here, may dispose of the case or narrow the issues substantially.").  Defendants further acknowledge that their arguments regarding exhaustion of administrative remedies and time-bars only apply to some of the Plaintiffs' claims.  *See id.* at 9.  "Absent a clear indication a case will be dismissed in its entirety, a motion to stay should be denied."  *McCrimmon v. Centurion of Fla., LLC,* No. 3:20-cv-36-J-39JRK, 2020 WL 6287681, at *2 (M.D. Fla. Oct. 27, 2020); *see also United States v. Physician Surgical Network, Inc.*, No. 6:20-cv-1582-WWB-EJK, 2022 WL 6163122, at *1–2 (M.D. Fla. Oct. 7, 2022) (denying defendant's motion to stay discovery where defendant's "argument relies primarily upon a facial challenge to the legal sufficiency of Plaintiff's claims"); *Norris v. Honeywell Int'l, Inc.*, No. 8:22-cv-1675-CEH-TGW, 2023 WL 4235459, at *2 (M.D. Fla. June 28, 2023) (denying motion to stay discovery because "to the extent that some of

Defendants' arguments in support of dismissal allege that Plaintiffs' allegations are inadequate to state a claim, the success of those arguments would likely result in a dismissal without prejudice and with leave to amend.   The action is not likely to end upon resolution of the motion to dismiss.").[1]

Nor have Defendants carried their burden of demonstrating "unusual circumstances," or specific burden or prejudice by lack of a stay.   *See* Middle District Discovery (2021) § (I)(E)(4).   Simply stating that Defendants will be forced to conduct class discovery, coupled with conclusory assertions that responding to

---

[1] Defendants cite to numerous decisions where stays of discovery were granted (Doc. No. 57, at 7-8, 10), but the majority of those cases involved motions to dismiss that raised case dispositive issues, such as personal or subject matter jurisdiction, or other bars to suit.   *See, e.g., Hansen v. Smith*, No. 6:25-cv-117-ACC-LHP, 2025 WL 1677717, at *1 (M.D. Fla. June 13, 2025) (motion to dismiss *pro se* complaint on the basis of *res judicata*, prosecutorial immunity, Eleventh Amendment immunity, the *Heck* doctrine, the statute of limitations, and lack of standing); *Rigby v. Capitol One Fin. Corp.*, No. 3:24-cv-98-HES-MCR, 2024 WL 4099801, at *1 (M.D. Fla. Sept. 6, 2024), *reconsideration denied sub nom. Rigby v. Cap. One Fin. Corp.*, No. 3:24-cv-98-HES-MCR, 2025 WL 1407211 (M.D. Fla. May 14, 2025), *reconsideration denied*, No. 3:24-cv-98-HES-MCR, 2025 WL 1656732 (M.D. Fla. June 11, 2025), *reconsideration denied*, No. 3:24-cv-98-HES-MCR, 2025 WL 1825676 (M.D. Fla. June 30, 2025), *and reconsideration denied*, No. 3:24-cv-98-HES-MCR, 2025 WL 1825676 (M.D. Fla. June 30, 2025) (motion to dismiss challenging subject matter jurisdiction); *Murray v. Taylor*, No. 6:24-cv-6-CEM-LHP, 2024 WL 1994556, at *1 (M.D. Fla. May 6, 2024) (motion to dismiss *pro se* complaint raising shotgun pleading, *res judicata*, and collateral estoppel); *Caicedo v. DeSantis*, No. 6:23-cv-2303-JSS-RMN, 2024 WL 1579675, at *1 (M.D. Fla. Apr. 11, 2024) (motion to dismiss raising case dispositive issues, including challenges to plaintiffs' standing); *George & Co. LLC v. Cardinal Indus., Inc.*, No. 2:18-cv-154-FtM-38MRM, 2019 WL 1468514, at *2 (M.D. Fla. Feb. 19, 2019) (motion to dismiss based on lack of subject matter jurisdiction, personal jurisdiction, as well as failure to state a claim); *Latell v. Triano*, No. 2:13-cv-565-FtM-29CM, 2014 WL 12616971, at *1 (M.D. Fla. Oct. 16, 2014) (motion to dismiss based on lack of personal jurisdiction and Florida's absolute litigation privilege).

the discovery will be burdensome, is insufficient to warrant a blanket stay of discovery in this case. *Cf. Hamad v. Frontier Airlines, Inc.*, No. 6:23-cv-1209-WWB-LHP, 2024 WL 22031, at \*2 (M.D. Fla. Jan. 2, 2024) ("Generally referencing that discovery is time-consuming and expensive is insufficient."). To be sure, "the multitude of tools provided by the discovery rules remain at [Defendants'] disposal," and "particularized discovery issues [may] be addressed and resolved on a case-by-case basis, which is a more prudent approach than an indiscriminate blanket stay of discovery." *See Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at \*4 (S.D. Fla. Nov. 9, 2012).[2]

In sum, the Court finds that the harm produced by the delay in staying discovery outweighs the possibility that the need for discovery will be entirely eliminated. *See Feldman*, 176 F.R.D. at 652. Accordingly, the motion to stay discovery (Doc. No. 57) will be **DENIED**. *See also Clampet v. Delta Air Lines, Inc.*, No. 23-60799-CIV-SINGHAL, 2023 WL 4763127, at \*2 (S.D. Fla. June 26, 2023)

---

[2] Defendants' reference to *Mitchell v. Apollo Interactive Ins. Sols. LLC*, No. 3:24-cv-643-BJD-LLL, 2024 WL 5327443, at \*1 (M.D. Fla. Dec. 16, 2024) is unpersuasive, as that case involved a stay of discovery pending resolution of a motion to compel arbitration. Nor is the Court persuaded by citation to *Colon v. Moore & Van Allen PLLC*, No. 8:25-cv-01243-WFJ-LSG, 2025 WL 2930294, at \*2 (M.D. Fla. Oct. 15, 2025), as that case involved the question of the scope of an attorney's fiduciary duty to beneficiaries of a trust, a purely legal issue.

(denying motion to stay pending resolution of motion to dismiss because "dismissal [wa]s not a foregone conclusion").

**DONE** and **ORDERED** in Orlando, Florida on June 15, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

- 8 -